**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 95-20010

(Summary Calendar)
_____

JACKIE O. TEEL,

Plaintiff-Appellant,

versus

JAMES A. COLLINS, Director,
TDCJ-ID

Defendant-Appellee.

_____

Appeal from the United States District Court
For the Southern District of Texas
93 CV 3072
_____

June 21, 1995

Before SMITH, EMILIO M. GARZA, and PARKER, Circuit Judges.

PER CURIAM:[*]

Jackie Teel, an inmate of the Texas Department of Criminal Justice - Institutional Division ("TDCJ-ID"), appeals from the district court's dismissal, under 28 U.S.C. § 1915(d) (1988), of his *pro se, in forma pauperis* civil rights suit. We affirm in part, vacate in part, and remand.

I

_____

[*] Local Rule 47.5.1 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

Teel filed a complaint under 42 U.S.C. § 1983 (1988), alleging that prison authorities had violated his Eighth Amendment rights by (1) assigning him to an overly strenuous work detail and (2) denying him appropriate medical treatment after he injured himself during his work assignment. Before service of Teel's complaint, the district court ordered Teel to file a more definite statement in the form of answers to a questionnaire. *See Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976).

In Teel's complaint, as amended by his answers to the court's *Watson* questionnaire,[1] Teel alleged that he had entered prison with a thirty percent permanent disability stemming from a spinal neck injury. Teel's prison and medical records, which he attached to his complaint, show that he received frequent medical attention and that his work assignments were restricted to accommodate his disability. However, Teel alleged that:

> [He] was forced by the supply officer to perform a job assignment of carrying heavy supplies, even though the officer was informed that such work detail would aggravate [his] present medical condition and was against [his] medical work restrictions. As a result of said assigned work detail [his] disability was aggravated and new injury occurred.

---

[1] The district court's questionnaire posed the following questions: 1. Explain how the injury to your neck occurred. 2. When did the injury occur? 3. What was your occupation before your neck injury? 4. What was your occupation after your neck injury? 5. When did you enter TDCJ-ID? 6. Explain exactly why the work assignment on March 4, 1993 aggravated your neck injury. 7. How heavy were the supplies you were asked to carry? 8. What was the new injury you suffered on March 4, 1993? 9. What medical treatment did you think you should have had? 10. What medical treatment did you have? 11. Approximately how many times did you visit the clinic and see a physician's assistant, nurse, or physician after the March 4, 1993 injury?

Record on Appeal, vol. 1, at 59-60.

Record on Appeal, vol. 1, at 52-53. After Teel's work assignment allegedly aggravated his neck injury, he sought and received frequent medical attention at the prison infirmary.

The TDCJ-ID medical staff also referred Teel to a specialist at John Sealy Hospital in Galveston who, according to Teel, determined that Teel had a torn disc in his neck.[2] Teel further alleged that the specialist told him his condition required surgery, although the specialist could not guarantee that Teel would not "end up in a wheelchair for the rest of [his] life."[3] The prison medical staff continued to treat his condition with medication and heat treatments. However, Teel alleged that the medication he was receiving was not the same medication that the specialist had prescribed.

After Teel filed his answers to the district court's *Watson* questionnaire, the court dismissed Teel's claim as frivolous under § 1915(d).[4] *See Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990) (noting that court may dismiss *in forma pauperis* proceeding "before service of process or before the filing of the answer"). Because it had accorded Teel an opportunity to elaborate on his claims by answering its questionnaire, the court dismissed Teel's complaint

---

[2] Teel's medical records simply state that an X-ray showed "minimal spreading of disc C4 & 5." However, Teel alleged that he was later told by the specialist that tests had revealed the torn disc.

[3] In his brief on appeal, Teel contends that the specialist told him that he would treat Teel's injury with medication and "therapy treatments" because of the risks that surgery would pose.

[4] Section 1915(d) provides that a district court may dismiss an *in forma pauperis* proceeding "if satisfied that the action is frivolous or malicious." 28 U.S.C. § 1915(d) (1988).

with prejudice. *See Graves v. Hampton*, 1 F.3d 315, 319 (5th Cir. 1993) (noting that dismissal with prejudice would be appropriate when plaintiff has had an opportunity to amend complaint by answering *Watson* questionnaire), *abrogated on other grounds by Arvie v. Broussard*, 42 F.3d 249 (5th Cir. 1994). Teel now appeals, contending that the district court erroneously dismissed his complaint.

II

A district court may dismiss an *in forma pauperis* complaint under § 1915(d) if it determines that it is "frivolous." A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32, 104 L. Ed. 2d 338 (1989). "[A] complaint is not frivolous for the purposes of § 1915(d) merely because it fails to state a claim according to the standards of Fed. R. Civ. P. 12(b)(6)." *Thompson v. Patteson*, 985 F.2d 202, 205 (5th Cir. 1993) (citing *Neitzke*, 490 U.S. at 319-31, 109 S. Ct. at 1827-34). Rather, "[a] complaint is legally frivolous if it is premised on an `indisputably meritless legal theory.'" *Boyd v. Biggers*, 31 F.3d 279, 281-82 (5th Cir. 1994) (quoting *Neitzke*, 490 U.S. at 327, 109 S. Ct. at 1833), and factually frivolous "if the facts alleged are `clearly baseless,' a category encompassing allegations that are `fanciful,' `fantastic,' and `delusional.'" *Denton v. Hernandez*, 504 U.S. 25, __, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992) (quoting *Neitzke*, 490 U.S. at 327, 325, 328, 328, 109 S. Ct. at 1833, 1831, 1833, 1833).

We review a district court's § 1915(d) dismissal of an *in forma pauperis* complaint for abuse of discretion.  *See Denton*, 504 U.S. at __, 112 S. Ct. at 1734; *Boyd*, 31 F.3d at 282.  In *Denton*, the Supreme Court noted:

> In reviewing a § 1915(d) dismissal, it would be appropriate for the court of appeals to consider, among other things, whether the plaintiff was proceeding *pro se* . . . ; whether the court inappropriately resolved genuine issues of disputed fact . . . ; whether the court applied erroneous legal conclusions . . . ; whether the court has provided a statement explaining the dismissal that facilitates `intelligent appellate review,' . . . ; and whether the dismissal was with or without prejudice.

*Id.* at ___, 112 S. Ct. at 1734 (citations omitted) (quoting *Boag v. MacDougall*, 454 U.S. 364, 365 n., 102 S. Ct. 700, 701 n., 70 L. Ed. 2d 551 (1982)); *see also Moore v. Mabus*, 976 F.2d 268, 270-71 (5th Cir. 1992) (applying *Denton* factors).  With respect to the last factor identified by the Supreme Court in *Denton*, we have held that "[s]hould it appear that insufficient factual allegations might be remedied by more specific pleading, we must consider whether the district court abused its discretion by dismissing the complaint either with prejudice or without any effort to amend."  *Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994).[5]

A

The district court dismissed Teel's first claim, in which he alleged that his work assignment had aggravated his preexisting neck condition, on the grounds that Teel had not sufficiently

---

[5]     "The principal vehicles which have evolved for remedying inadequacy in prisoner pleadings are the *Spears* hearing and a questionnaire to `bring into focus the factual and legal bases of prisoners' claims.'"  *Eason*, 14 F.3d at 9 (quoting *Spears v. McCotter*, 766 F.2d 179, 181 (5th Cir. 1985)).

alleged deliberate indifference. In *Jackson v. Cain*, 864 F.2d 1235 (5th Cir. 1989), we held that "[i]f prison officials knowingly put [a prisoner] on a work detail which they kn[o]w would significantly aggravate his serious physical ailment such a decision would constitute deliberate indifference to serious medical needs," and thus violate the Eighth Amendment. *Id.* at 1246; *see also Mendoza v. Lynaugh*, 989 F.2d 191, 194 (5th Cir. 1993) ("To be sure, if prison officials assign an inmate to work detail and they know that such an assignment could exacerbate a serious physical ailment, then such a decision could constitute deliberate indifference." (citing *Jackson*, 864 F.2d at 1246)). In *Farmer v. Brennan*, ___ U.S. ___, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994), the Supreme Court clarified the level of culpability that constitutes "deliberate indifference" as follows:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Id.* at ___, 114 S. Ct. at 1979.

The district court held that "Teel does not allege that any TDCJ-ID employee deliberately caused his injury or the conditions under which it occurred. No more than negligence can be inferred from Teel's complaint, and negligent acts by prison employees do not violate the inmates' constitutional rights." Although the district court incorrectly implied that Teel was required to allege that prison authorities had intentionally caused his injury, the

court correctly held that allegations of more than negligence are required. *See Farmer*, ___ U.S. at ___, 114 S. Ct. at 1978 ("While . . . deliberate indifference entails something more than mere negligence, the cases are also clear that it is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result.").

However, Teel's complaint, construed liberally,[6] does contain allegations of more than negligence. According to Teel, the supply officer forced him to carry heavy loads notwithstanding the fact that the officer "was informed that such work detail would aggravate [Teel's] medical condition." Teel's allegations, while less than clear, could be read to allege that the officer was aware of a substantial risk that Teel might be seriously harmed by lifting heavy boxes. We therefore cannot say that Teel's claim is "premised on an `indisputably meritless legal theory,'" *Boyd*, 31 F.3d at 281 (quoting *Neitzke*, 490 U.S. at 327, 109 S. Ct. at 1833), in light of the *Farmer* standard for deliberate indifference and our holding in *Jackson*, 864 F.2d at 1246.

In addition, because none of the questions posed by the district court in its questionnaire asked for information concerning the supply officer's statements and conduct or his knowledge of Teel's condition, Teel has not had an opportunity to clarify his allegations with respect to the supply officer's state

---

[6]    We must construe the allegations of pro se plaintiffs liberally. *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994).

of mind.[7]  Consequently, we hold that the district court abused its discretion in dismissing Teel's first claim with prejudice without first providing him an opportunity to more specifically state his allegations.  *See Eason v. Thaler*, 14 F.3d 8, 10 (5th Cir. 1994) (holding that district court abused its discretion in dismissing *in forma pauperis* complaint without providing plaintiff with opportunity to offer more detailed factual allegations); *see also Mitchell v. Sheriff Dept., Lubbock County, Tex.*, 995 F.2d 60, 62-63 (5th Cir. 1993) (vacating and remanding district court's § 1915(d) dismissal of *in forma pauperis* complaint because plaintiff's allegations were unclear).[8]

B

In Teel's second claim, he contended that the prison authorities had violated the Eighth Amendment by denying him proper medical care.  To state an Eighth Amendment claim for denial of medical care, a prisoner must allege "acts or omissions

---

[7]    In *Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94 (5th Cir.), *cert. denied*, ___ U.S. ___, 115 S. Ct. 220, 130 L. Ed. 2d 147 (1994), we noted that when a court provides a plaintiff proceeding *in forma pauperis* with an opportunity to amend his complaint by answering a questionnaire, this opportunity "limits our license to engage in speculation as to the existence of additional facts."  *Id.* at 97.  However, the questionnaire in *Macias* contained questions that "were specifically tailored to elicit relevant facts that might support [the plaintiff's] claims."  *Id.*  The questionnaire in this case, in contrast, did not elicit relevant facts regarding the work detail incident and the prison authorities' role in causing Teel's injury.  *See supra* note 2.

[8]    On appeal, Teel has told a far more complete story regarding the incident, and we express no opinion as to whether those allegations are sufficient under *Farmer*.  If Teel amends his complaint to include the allegations he has made on appeal, the district court should consider them in light of *Farmer* and our decision in *Reeves v. Collins*, 27 F.3d 174 (5th Cir. 1994) (affirming district court's § 1915(d) dismissal of *in forma pauperis* complaint in which plaintiff alleged that he had been forced to work even though he informed prison officer supervising him that he was unable for medical reasons to perform the assigned work).

sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 292, 50 L. Ed. 2d 251 (1976). Negligent diagnosis or treatment does not rise to the level of an Eighth Amendment violation cognizable under § 1983. *Id.* at 105-06, 97 S. Ct. at 292; *Graves*, 1 F.3d at 319 ("It is firmly established that negligent or mistaken medical treatment or judgment does not implicate the eighth amendment and does not provide the basis for a civil rights action."); *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991) ("Unsuccessful medical treatment does not give rise to a § 1983 cause of action. Nor does `[m]ere negligence, neglect or medical malpractice.'" (citations omitted) (quoting *Fielder v. Bosshard*, 590 F.2d 105, 107 (5th Cir. 1979))).

In his complaint, Teel alleged that he had not received "any medical treatment" for his shoulder injury, but in his answers to the district court's questionnaire, he acknowledged that he has been seen by prison medical personnel "well over 27 different times" since his injury, and that he has received pain medication and heat treatments for his neck injury.[9] Nevertheless, Teel complains that he has not received "proper" medical treatment. Because Teel alleges at most medical malpractice, and not deliberate indifference, we hold that the district court did not abuse its discretion is dismissing his second claim. *See Estelle*, 429 U.S. at 107, 97 S. Ct. at 292-93 (holding that plaintiff, who

---

[9] In his brief on appeal, Teel states that he has also been seen at John Sealy Hospital "8 to 10 times in that past 16 months."

had received pain medication, muscle relaxers, and bed rest, had failed to state a cognizable Eighth Amendment claim by alleging that "more should have been done by way of diagnosis and treatment"); *Graves*, 1 F.3d at 319-20 (affirming § 1915(d) dismissal of complaints alleging inadequate medical treatment); *Mendoza*, 989 F.2d at 193-95 (affirming § 1915(d) dismissal of complaint alleging negligently deficient and delayed medical care); *Wesson v. Oglesby*, 910 F.2d 278, 284 (5th Cir. 1990) (affirming § 1915(d) dismissal of *in forma pauperis* complaint and holding that plaintiff's "disagreement with his diagnosis" could not support Eighth Amendment claim).

## III

For the foregoing reasons, we **AFFIRM** in part, **VACATE** in part, and **REMAND**.


ROBERT M. PARKER, concurring in part, dissenting in part:

I dissent from that portion of the majority opinion vacating the district court's order and remanding Appellant Teel's claim that his work assignment aggravated his preexisting neck conditions. However that conduct of the defendant's officer can be characterized, it is far from being deliberately indifferent.

I concur with the majority's disposition of the remaining claim.